AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Denis Antonio RIVERA-ZELAYA, | ) | Case No.  13-8248-DLB |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 14, 2013 _____ in the county of _____ Palm Beach _____ in the

____ Southern ____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm |
| 18 U.S.C. § 554 | Attempt to export firearms outside of the United States |
| 18 U.S.C. § 922(e) | Failure to notify common carrier |

This criminal complaint is based on these facts:

See attached affidavit United States Homeland Security Investigations (HSI) David Acosta

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HSI Special Agent David Acosta
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 05/14/2013 _____

_____
*Judge's signature*

City and state: _____ West Palm Beach, Florida _____

DAVE LEE BRANNON, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, David Acosta, being duly sworn do solemnly swear and depose that:

### Introduction

1.      I, David Acosta, am a Special Agent with United States Homeland Security Investigations (HSI) and am currently assigned to the Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a Special Agent with HSI since February 2009. Prior to that time, I served as a United States Customs and Border Protection Officer for approximately five years. In total, I have approximately 10 years of federal law enforcement experience.

2.      As a Special Agent with HSI, my duties and responsibilities include conducting criminal investigations of individuals and businesses that have violated federal laws, particularly laws contained in Titles 8, 18, 19 and 21 of the United States Code. After being hired as a United States Customs Inspector in 2003, I received training at the United States Customs Service Academy. In 2009, as a Special Agent, I received further training at the Immigration and Customs Enforcement (ICE) Academy. At both of these academies, I was trained in legal principles and statutes regarding criminal, civil, and administrative violations of the United States Code as enumerated in Titles 8, 18, 19, 21, 31, and 46. I have personally participated in approximately twenty investigations pertaining to the illegal exportation of firearms, either as case agent, or closely assisting the primary case HSI and/or Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agents. I have conducted or participated in over one dozen interviews of persons

charged with the illegal exportation of firearms.  As a result of the foregoing, your affiant has become and is familiar with the ways, manners and means by which illegal firearms exporters conduct their illegal activities.

3.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers.  This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to arrest Denis Antonio RIVERA-ZELAYA, year of birth (YOB) – 1977. However, no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

### Facts in Support of Probable Cause

4.      On November 18, 2012, a prior-convicted felon Cooperating Defendant (CD) charged with multiple felony offenses, including crimes of violence, who was seeking to mitigate his/her penalty, obtain consideration by the courts as to his future sentence(s), and possibly obtain immigration assistance as a prior removal from the United States, advised ATF Task Force Officer Richard Silva about an individual the CD identified as Denis RIVERA (subsequently identified as the defendant, Denis Antonio RIVERA-ZELAYA), who was involved in the illegal exportation of firearms to Honduras.  The CD, who your affiant personally interviewed again with TFO Silva approximately one week later, stated that on November 17, 2012, he/she observed RIVERA-ZELAYA, at RIVERA-ZELAYA's (Palm Beach County, Florida) residence engaging in the process of preparing in excess of 10 firearms for illegal exportation from the United States to Honduras concealed within a package, wrapping the firearms in

2

aluminum foil. Furthermore, the cooperating defendant was able to provide the specific location of RIVERA-ZELAYA's residence and specific identifying information pertaining to immediate family members and vehicles linked to RIVERA-ZELAYA, which your affiant has independently corroborated and determined to be reliable. The cooperating defendant further stated that RIVERA-ZELAYA utilized a company in which the driver would pick up the merchandise from RIVERA-ZELAYA's residence. Your affiant has also corroborated that in mid-December, 2012, a shipment of goods attributable to RIVERA-ZELAYA was in fact shipped to Honduras.

5.      On April 09, 2013, CBP, HSI, and ATF conducted an inspection of container FSCU 7004368 at the Port of Miami, FL. While inspecting the aforementioned container, a CBP K-9 alerted to two kitchen stoves (one Whirlpool stove s/n RT0911277 and one Maytag stove s/n 18884696GP) wrapped in black plastic. The black plastic on both stoves had markings on a piece of tape which stated "Denis Escobar 2392046753" and "979-78068 Alonzo Castellanos" as well as the name Denis Rivera written directly on the black plastic. The stoves were further examined using the x-ray machine, which revealed several anomalies in the structure and interior of the stoves.

6.      The inspection resulted in the seizure of five rifles, six semi-automatic pistols, one revolver, nineteen firearm magazines and three hundred and seven rounds of ammunition secreted within both kitchen stoves. The following firearms were discovered and seized:

     a.   Hi-Point Firearms, Model 995 (rifle) - serial number obliterated

     b.   Olympic Arms, Model P.C.R. 02 (rifle) - S/N BT1299

     c.   Essential Arms, Model J-15-F REM (rifle) - S/N EA62125

d.  DPMS Panther Arms, Model A-15 (rifle) - S/N F155528

e.  Marlin Firearms, Model 60 (rifle) - S/N 18487652

f.  Ruger (pistol) - S/N 311-07168 (partially obliterated)

g.  Smith and Wesson (revolver) - S/N 746435

h.  Glock, Model 19 (pistol) - S/N BBK603

i.  Smith and Wesson, Model SW9V (pistol) - S/N PAV6820

j.  Springfield Armory, Model 1911-A1 (pistol) - S/N 287373

k.  Beretta, Model 92FS (pistol) - S/N M54772Z

l.  Beretta, Model 92A1 (pistol) - S/N K19526Z

7.      On April 15, 2013, your affiant and ATF TFO Silva interviewed WL, owner of Mendoza Export Service, Inc., a Common Carrier, located in Lake Worth, FL. WL was asked about a consolidated cargo container shipment which was scheduled to have departed the Port of Miami, FL, to Jaticulpa, Honduras on April 10, 2013. Specifically, he was asked about the aforementioned two stoves which were wrapped in black plastic and tape with the name Denis Escobar written on it. WL stated he was aware of the merchandise in question and provided shipping invoice number 3182 dated April 6, 2013, which identified the shipper of the kitchen stoves as Denis ESCOBAR. The shipping invoice identified the shipper's address as 4693 Gulfstream Rd., Lake Worth, FL, 33461 and the shipper's phone number as (239) 204-6753. A subpoena for subscriber information of telephone number (239) 204-6753 revealed it was a prepaid account without any subscriber information being available. However, the service provider provided a number transfer registration form which revealed Claudia Castellanos requested the telephone number (239) 204-6753 to be transferred from her

4

old service provider. The account billing address provided on the form was 4693 Gulfstream Rd., Lake Worth, FL 33461 – the residence of Denis RIVERA-ZELAYA. A "call back phone number" of (561) 502-9754 and an e-mail address of riveradeni121@yahoo.com was provided on the form. Your affiant further notes that based on his investigation Claudia Castellanos has been identified as the spouse of Denis RIVERA-ZELAYA by the CD and WL.

8.      WL stated he has previously provided shipping services for Denis ESCOBAR, an individual he also knows as Denis RIVERA (hereinafter RIVERA-ZELAYA). WL stated he has previously been to RIVERA-ZELAYA's residence at 4693 Gulfstream, Lake Worth, FL, to pick up merchandise being shipped to Honduras; the last occasion was in December 2012. On this occasion, WL stated RIVERA-ZELAYA contacted him and informed him he was dropping off merchandise to be exported to Honduras. WL stated RIVERA-ZELAYA dropped off the merchandise at WL's place of business / residence in Lake Worth, Palm Beach County, Florida, while WL was not there. WL's place of business / residence in Lake Worth, Palm Beach County, Florida, is where the shipping container destined to Honduras was packed. RIVERA-ZELAYA met with WL a few days later to sign the shipping invoice and recalled RIVERA-ZELAYA arrived in a blue or black Toyota pick-up with another individual.

9.      A photo line-up consisting of six individuals was shown to WL and he was asked to identify Denis ESCOBAR, the same person also known to him as Denis RIVERA. WL identified Denis ESCOBAR, a.k.a. Denis RIVERA as subject # 3. Your affiant, having assisted in the preparation of the photographic line-up is aware that Subject # 3 is, in fact, the facial photograph of Denis Antonio RIVERA-ZELAYA,

YOB - 1977.

10.     On April 18, 2013, your affiant reviewed Palm Beach County Criminal Judgment records indicating that on January 9, 2006, Denis Antonio RIVERA, using the same biographical identifying information as the Denis Antonio RIVERA-ZELAYA otherwise described herein, was convicted in the 15th Circuit Court in Palm Beach County of Driving While License Revoked – Habitual Offender, a Third Degree Felony, which is an offense punishable by imprisonment for a term exceeding one year under Florida law.

11.     On May 10, 2013, Michael Kelly, an ATF Interstate Commerce Expert examined the aforementioned firearms recovered from the container on April 9, 2013, and determined that said firearms were all manufactured outside the State of Florida, and that thus by their subsequent recovery in the State of Florida, such firearms of necessity had traveled in and affected interstate and/or foreign commerce.

12.     On the morning of May 14, 2013, a federal search warrant was executed at the defendant's residence address of 4693 Gulfstream Road, Lake Worth, Florida. Defendant RIVERA-ZELAYA was found present inside the residence, In an audio recorded interview, ATF TFO Richard Silva advised RIVERA-ZELAYA of his Miranda warnings, which RIVERA-ZELAYA stated he understood. During the post-Miranda interview, RIVERA-ZELAYA admitted to concealing the pistols and rifles within two stoves which he intended to be delivered to Juticalpa, Honduras, knowing such action to be illegal.  Furthermore, a copy of Mendoza Export Service, Inc., shipping invoice number 3182, dated April 6, 2013, was found within his residence.

## Conclusion

13.     Based on the foregoing, your affiant believes probable cause exists that RIVERA ZELAYA knowingly caused to be delivered to a common or contract carrier for transportation and shipment in interstate and foreign commerce to a person other than a licensed importer, manufacturer, dealer or collector, firearms, without written notice to the carrier that such firearms were being transported and shipped, in violation of Title 18, United States Code, Section 922(e).

14.     Based on the foregoing, your affiant believes probable cause exists that RIVERA ZELAYA did fraudulently and knowingly attempt to export and send from the United States to Honduras, a place outside the United States, any merchandise, article, or object, that is, firearms, contrary to any law or regulation of the United States, to wit: Title 18, United States Code, Section 922(e), or in any manner facilitate the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to law all in violation of Title 18, United States Code, Section 554.

15.     Furthermore, based on the foregoing, your affiant believes probable cause exists that RIVERA-ZELAYA, having been previously convicted in the 15th Circuit Court in Palm Beach County of a felony, an offense punishable by imprisonment for a term exceeding one year, did ship or transport in interstate or foreign commerce, or

possess in or affecting commerce. any firearm, in violation of Title 18, United States Code, Section 922(g)(1).

      FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent David M. Acosta
United States Homeland Security Investigations


SWORN TO AND SUBSCRIBED BEFORE
ME THIS 14th DAY OF MAY, 2013, AT
WEST PALM BEACH. FLORIDA.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 13-8248-DLB

### BOND RECOMMENDATION

DEFENDANT: Denis Antonio Rivera-Zelaya

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   John C. McMillan, Jr.

Last Known Address: _____

_____

_____

What Facility:   Palm Beach County Jail

_____

Agent(s):   HSI S/A David Acosta

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

United States Homeland Security Investigations (HSI)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   13-8248-DLB


UNITED STATES OF AMERICA

vs.

DENIS ANTONIO RIVERA-ZELAYA,

Defendant.

_____/

## CRIMINAL COVER SHEET


1.      Did this matter originate from a matter pending in the Northern Region of the United States
        Attorney's Office prior to October 14, 2003?       _____ Yes   _X_ No

2.      Did this matter originate from a matter pending in the Central Region of the United States
        Attorney's Office prior to September 1, 2007?       _____ Yes   _X_ No



Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____ .

JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov